**Kenneth B. HOEG, et al., Plaintiffs-Respondents,**

v.

**TWIN CITY FEDERAL SAVINGS & LOAN ASSOCIATION, Defendant-Appellant.**

**No. 82–73.**

Supreme Court of Minnesota.

Oct. 1, 1982.

Frederick L. Thorson, Gregory J. Pulles, James T. Swenson, Mackall, Crounse & Moore, Minneapolis, for defendant-appellant.

Holmes & Graven, Larry M. Wertheim, Minneapolis, for plaintiffs-respondents.

TODD, Justice.

Kenneth and Marjean Hoeg purchased a home and placed a mortgage on the property with Twin City Federal Savings & Loan Association. The mortgage contained a due on sale clause. The Hoegs desired to sell the property and were informed by Twin City Federal that the mortgage could not be assumed. The Hoegs brought a declaratory judgment action. The trial court, relying on our decision in *Holiday Acres No. 3 v. Midwest Federal Savings & Loan Association of Minneapolis*, 308 N.W.2d 471 (Minn. 1981), properly concluded that the due on sale clause was unenforceable. Subsequently, the United States Supreme Court held that the federal regulation which vali-

dates due on sale clauses for federal savings institutions preempts state law. *See Fidelity Federal Savings & Loan Association v. de la Cuesta,* —— U.S. ——, 102 S.Ct. 3014, 3025, 73 L.Ed.2d 664 (1982).

Based on the *Fidelity* decision, we are compelled to reverse the decision of the trial court.

Reversed and remanded for further proceedings consistent with this opinion.